UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 23-mc-51023
                                          Honorable Linda V. Parker

v.

GEORGE WILLIAMS,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ON REQUEST FOR WRIT OF GARNISHMENT</u>**

On October 25, 2022, Defendant George Williams ("Defendant") pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. *See* Plea Agreement, *United States v. Williams*, 16-cr-20526, ECF No. 24. On March 14, 2023, this Court sentenced Defendant to one-day time served and two years of supervised release. *See* Judgment, *id.*, ECF No. 20. The Court further ordered Defendant to pay $133,739.00 in restitution and a $100.00 assessment. *Id.*

On June 2, 2023, the United States filed an application for writ of continuing garnishment. (ECF No. 1.) The request was submitted to the Michigan Department of Treasury for monies owed or owed in the future to Defendant. (*Id.*) Defendant filed a request for a hearing on the garnishment (ECF No. 4), and the Government filed a response (ECF No. 5.) Because Defendant raises no valid

1

objections to the garnishment, his request for a hearing and any objection to the garnishment are denied.

## Applicable Law & Analysis

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, requires sentencing courts to order criminal defendants to pay restitution to their victims. The MVRA permits the government to enforce a restitution order "by all other available and reasonable means," *id.* § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* § 3613(a). 28 U.S.C. § 3205(a) provides the Government with authority to enforce restitution orders through garnishments. The United States may garnish all property except that which is specifically exempt from a levy. *See* 18 U.S.C. § 3613; 26 U.S.C. § 6334; *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

A judgment debtor can object to a garnishment proceeding pursuant to 28 U.S.C. § 3202(d). Within twenty days of receiving the notice described in section 3202(b), the judgment debtor may request a hearing to quash the garnishment. However, the garnishment hearing is limited to (1) valid claim exemptions, (2)

post-judgment statutory compliance for issuing the garnishment, and (3) challenges to judgments entered by default. *Id.*

While the statutory language requires the court to "hold a hearing . . . as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases and denying a hearing where the defendant failed to identify any valid objections to the writ of garnishment). If the objecting party does not raise a statutorily permissible issue in the request for a garnishment hearing, the request should be denied. *See United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994) (finding that the debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *United States v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.") Under § 3205, the objecting party bears the burden of proving the grounds for his or her objection. 28 U.S.C. § 3205(c)(5).

Defendant fails to articulate any statutory basis for relief from the garnishment and restitution order. His request includes an exemption form on

3

which he checked three categories of exemptions he believes prevents the garnishment: (1) "Wearing apparel and school books"; (2) "Fuel, provisions, furniture, and personal effects"; and (3) "Books and tools of a trade, business, or profession." (ECF No. 4 at PageID. 20.) But none of these categories are the subject of the garnishment directed at the Michigan Department of Treasury.

Defendant also asserts that the notice of garnishment fails to credit him for restitution payments he has made. (*Id*. at PageID. 19.) However, he had not paid the restitution in full when the writ of garnishment was issued. Moreover, this objection is not a basis for granting a hearing. *See supra*.

Accordingly,

**IT IS ORDERED** that Defendant's Request for Hearing (ECF No. 4) is **DENIED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 25, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 25, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager